IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHNNIE LEE SINGLETON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12-0230-CV-W-ODS ) |
| WELLS FARGO HOME MORTGAGE, et al., | ) ) ) |
| Defendants. | ) ) |

**<u>ORDER AND OPINION
(1) GRANTING MOTION TO DISMISS (DOC. 10),
(2) DENYING AS MOOT MOTION FOR MORE DEFINITE STATEMENT (DOC. 5),
AND (3) DISMISSING ACTION AS TO ALL DEFENDANTS</u>**

Defendant Wells Fargo moves the Court to dismiss and for a more definite statement. Wells Fargo's motion to dismiss is granted, and this case is dismissed as to all defendants. Wells Fargo's motion for a more definite statement is denied as moot.

I. BACKGROUND

This action involves real property located at 11808 Beacon Avenue, Kansas City, Missouri, 64134. Plaintiff Johnnie Lee Singleton claims he owns it.

On December 14, 2011, Singleton filed a pro se petition in Jackson County Circuit Court (First Petition). Singleton named American Wholesale Lender, Countrywide Home Loans, Wells Fargo Home Mortgage, and MERS (Mortgage Electronic Registration Service) as the defendants.

The First Petition—like some of Singleton's other filings—is disjointed, vague, and convoluted. It begins by reciting Mo. Ann. Stat. § 527.150, Missouri's quiet title statute. It then alleges that in 2006 Countrywide and Wells Fargo "illegally decoupled (separated) which is bifurcation of the ownership of a note, which listed [Countrywide], – from ownership of the Missouri-recorded Deed of Trust, which in contrast listed the

"beneficiary" as MERS." 12–232, First Petition, Doc. 1–2, p. 8.[1]

Singleton's description of the Deed of Trust (or DOT) conflicts with what Wells Fargo asserts is "[t]he Deed of Trust on record as in force regarding [Singleton's] property." 12-232, Suggestions in Support, Doc. 8, p. 1. This DOT contains the following number under the Recorder's Certification: "2004K0054417." 12-232, Doc. 1–3, p. 1. Notably, this is the same number Singleton provides for the DOT in his First Petition. See 12-232, Doc. 1–2, p. 8. The DOT is dated August 5, 2004, and it identifies Singleton as "Borrower." 12-232, Doc. 1–3, p. 1. It states Singleton granted trustee Alan South the property located at the address above (11808 Beacon Avenue), in trust, with power of sale, to secure to "Lender" the repayment of a loan, among other things. *Id.*, p. 1, 3. "Lender" is identified as Wells Fargo. *Id.*, p. 1. In all his filings with the Court, Singleton never disputes the authenticity of this DOT.

Singleton's allegation that the DOT "listed the "beneficiary" as MERS" is incorrect. The DOT states "*Lender* [i.e., Wells Fargo] is the beneficiary under this Security Agreement" (emphasis added), not MERS. 12-232, Doc. 1–3, pp. 1–2.

The "note" Singleton references in his First Petition allegedly was not created in his name, but in the name of "a previous owner of Plaintiff's property." 12-232, Doc. 1–2, p. 8. Again, this conflicts with the DOT, which references a note created in Singleton's name, dated the same day as the DOT, and stating Singleton owed Wells Fargo a debt of $106,250.00. See 12-232, Doc. 1–3, pp. 2–3.

Singleton's First Petition goes on to allege that a foreclosure sale to be conducted by South & Associates (identified by Singleton as the substitute trustee) at the direction of Wells Fargo is "being improperly held." 12-232, Doc. 1–2, p. 14. Among other things, Singleton seeks to enjoin Defendants from asserting any interest in his real property. He claims "the Trustee's Sale should be set aside" because he will be wrongfully deprived of title by forfeiture and "may be subject to forcible eviction at any

---

[1] This case (Case No. 12-230) was consolidated with Case No. 12-232. When citing to the record, the Court will include 12-230 or 12-232 so the reader will know in which case to locate the document. The document will also be identified by name (e.g., First Petition) except when what is being cited is unambiguous.

time." *Id.* Notably, nowhere does Singleton allege the sale should be set aside because he is current on his loan payments or not otherwise in default.

On January 4, 2012, Plaintiff filed a second pro se petition in Jackson County Circuit Court, this time naming only Wells Fargo as a defendant (Second Petition). 12-230, Doc. 1–2. The Second Petition alleges "[t]he defendants intend to sell the plaintiff's home on December 2011." *Id.*, p. 6. Singleton also alleges the existence of "newly discovered evidence of Fraud on the part of the defendant in a Court foreclosure action." *Id.* Among other things, Singleton requests that the Court "[s]et aside the Judgment in the original action of foreclosure, stopping the sale of his Homestead Property." *Id.*, p. 8. (Neither Singleton or Wells Fargo has provided any evidence of the foreclosure judgment Singleton references, and the Court's search of public databases did not reveal one.)

After being served with the First and Second Petitions, Wells Fargo removed the cases to this Court. With respect to the First Petition, Wells Fargo filed a motion to dismiss. With respect to the Second Petition, Wells Fargo filed a motion for a more definite statement.

## II. DISCUSSION

To state a claim for relief, a claim must be "'plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted), meaning it must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (citations omitted). "In addressing a motion to dismiss, '[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (citations omitted).

3

### (A) First Petition

After Wells Fargo filed its motion to dismiss Singleton's First Petition, Singleton filed four documents, none of which were designated by him as Suggestions in Opposition. The Court "construe[d] these as Plaintiff's response to Defendants' motion to dismiss" and set a deadline for Wells Fargo's reply. 12-232, Doc. 13. To the extent these filings contain reasons in opposition to Wells Fargo's motion to dismiss, and do not allege facts extraneous to those asserted in the pleadings, exhibits, public record, or matters embraced by the pleadings, the Court considers them here. *See Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (including supporting briefs in what can be considered in evaluating motion to dismiss).

Singleton's First Petition sets forth several reasons why he believes Wells Fargo should be enjoined from foreclosing its lien (created by the DOT) on his property. First, Singleton claims the deed of trust is unenforceable because it was split from the note. This allegation relies primarily on two baseless contentions. The first is that the DOT lists MERS as the beneficiary, which is false. The second is that any transfer of the promissory note must be recorded or the note and the mortgage will become separated. This is contrary to Missouri law, which is that "[a] deed of trust securing a negotiable note passes with it . . . ." *Goetz v. Selsor*, 628 S.W.2d 404, 405 (Mo. Ct. App. 1982) (citation omitted). Thus "a party entitled to enforce a note is also entitled to enforce the deed of trust securing that note, regardless of whether that transfer is recorded." *In re Washington*, ___ B.R. ___, 2011 WL 6010247, at *5 (Bankr. W.D. Mo. Dec. 01, 2011). Singleton's split-note theory otherwise relies on conclusory allegations in the First Petition that the note and DOT were separated, without any facts provided explaining why he believes this occurred. Such allegations are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth.")

Singleton's second theory is that he must be shown the promissory note before the deed of trust can be enforced. This theory fails because Singleton has no entitlement to this showing under Missouri law. "Power of sale is a matter of contract

4

between the parties . . . ." *Belote v. McLaughlin*, 673 S.W.2d 27, 31 (Mo. 1984) (citation omitted). Nothing in the DOT requires that Singleton be shown the note if the power of sale is invoked. And the Court could find nothing in Missouri's governing statutes that require this either. *See* Mo. Ann. Stat. §§ 443.290–443.440. "Under Missouri law, the legislature has seen fit to provide only one method for delaying non-judicial foreclosure," and that is the equity of redemption. *Reese v. First Missouri Bank and Trust Co. of Creve Coeur*, 736 S.W.2d 371, 373 (Mo. 1987)

Singleton's third theory for delaying or eliminating foreclosure relies on concepts found in Missouri's law of commercial paper. Singleton claims (without any further factual development) that Wells Fargo "is not the holder of the note," and that Defendants "are not 'person[s] entitled to enforce' the security interest on the Property" and cannot be the "holder in due course." 12-232, Doc. 1–2, p. 14–15. These are nothing but naked assertions—no allegations are provided suggesting they have any factual basis. They are thus not accepted as true and provide no basis for relief. *See Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10–CV–2058 CAS, 2011 WL 1483374, at *7 (E.D. Mo. Apr. 19, 2011) (refusing to accept as true similar allegations for same reasons).

Singleton's fourth theory relies on the alleged failure to include certain notices on the note and/or DOT in violation of the Federal Trade Commission's Holder Rule (16 C.F.R. § 433.2) and the Truth in Lending Act (TILA). These claims fail as a matter of law because (1) the Holder Rule does not apply to real estate transactions, *see In re Carmichael*, 443 B.R. 698, 703–04 (Bankr. E.D. Pa. 2011) (citing cases); and (2) the TILA-based right of rescission does not apply to a "residential mortgage transaction," 15 U.S.C. § 1635(e)(1); *see also* 12 C.F.R. § 226.23(f)(1).

Lastly, there are a number of remaining allegations in Singleton's First Petition which fail to even hint at a cognizable legal theory. For example, Singleton cites Mo. Ann. Stat. § 400.3-311 (accord and satisfaction) and § 400.3-501 (presentment) in claiming Wells Fargo signed a receipt for payment in full by "securitization of the contract under the transfer and servicing agreement." 12-232, Doc. 1–2, p. 16. Singleton appears to believe this entitles him to surrender of the note or DOT. The

Court has reviewed Singleton's entire First Petition and concludes it fails to state a claim for relief.  Wells Fargo's motion to dismiss will be granted.

*(B) Second Petition*

In his Second Petition, Singleton—apparently referencing the note mentioned in the DOT—asserts that "[t]he alleged original promissory note" obligating him to pay the amount of $106,250.00 plus interest does not contain a "bona fide signature" and is "a forgery."  12-230, Doc. 1–2, p. 7.  While Singleton may appear to be disputing the authenticity of the DOT (which references Singleton's $106,250.00 debt to Wells Fargo), he actually is alleging Wells Fargo had no power to make the loan to him at all.

The key to Singleton's reasoning is his allegation that Wells Fargo "refused to loan plaintiff *legal tender* or other *depositors' money* to fund the alleged bank loan check" (emphasis added).  12-230, Doc. 1–2, p. 6.  Filed the same date and time as his Second Petition is what Singleton describes as a "memorandum of law in support of brief" titled "Credit Loans and Void Contracts Perfect Obligation as to a Human Being as to a Bank" (all caps omitted).  12-230, Doc. 1–3, p. 3.  This document asserts modern banking developed from goldsmiths' practice of issuing more notes (promising to pay gold brought in by the depositor) than what the goldsmiths held in gold.  Highly summarized, this 15-page memorandum sets forth Singleton's bizarre theory that Wells Fargo did not lend him lawful currency, making his contract with Wells Fargo void and entitling him to declaratory relief and possibly damages.

Consistent with his theory, Singleton's Second Petition claims Wells Fargo created a contract which was void because "the lending officer did not have the power under the Bank Charter to loan, the plaintiff credit; the contract was ultra viris."  12-230, Doc. 1–2, p. 7.  Singleton also alleges Wells Fargo violated usury laws by charging interest "on credit and not money."  *Id.*  And Singleton claims Wells Fargo's conduct violated 12 U.S.C.  24 (Seventh), which sets forth some of the powers national banks have.

Singleton's theory—that banks lend credit and not legal tender—has been

6

repeatedly rejected as frivolous by courts across the country. *See, e.g., Sneed v. Chase Home Finance LLC*, Case No. No. 07CV0729-LAB (AJB), 2007 WL 1851674, at *3–*4 (S.D. Cal. June 27, 2007); *Buczek v. Trans Union LLC*, No. 05-80834-CIV-HURLEY/HOPKINS, 2006 WL 3666635, at *3–*4 (S.D. Fla. Nov. 9 2006). In fact, his "Credit Loans and Void Contracts" memorandum has been cited in at least one foreclosure case where the court dismissed the plaintiff's action as to all defendants. *See Perkins v. Bank of New York Mellon*, Civil Action No. 3:10CV449-JAG, 2011 WL 486943 (E.D. Va. Feb. 4 2011).

Sua sponte dismissal for failure to state claim can occur after service of process. *See Phelps v. U.S. Bureau of Prisons*, 62 F.3d 1020, 1022 (8th Cir. 1995); *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (noting sua sponte dismissal without notice under Rule 12(b)(6) is warranted where "'it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint'" (citation omitted).). Singleton's Second Petition is frivolous and service of process has occurred (at least with respect to Wells Fargo). In response to Wells Fargo's motion for a more definite statement, Singleton provided nothing demonstrating his theory has any legal basis. Dismissal of Singleton's second petition is therefore warranted.

### III.  CONCLUSION

This case is dismissed as to all defendants. Wells Fargo's motion for a more definite statement is denied as moot.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 9, 2012        UNITED STATES DISTRICT COURT